8345

SMALLS v. LaROCHE.

1. VERDICT.—Under the evidence and pleadings in this case a verdict, "Find for the plaintiff the land in dispute and two hundred dollars damages," is not uncertain as to limits and area of the land in question.
2. CHARGE.—Where counsel think the inadvertent use of the wrong word in a charge is not manifest to the jury they should call the Judge's attention to it.

Before ERNEST GARY, J., Charleston, May, 1911. Affirmed.

Action by Guy Smalls against John J. LaRoche. Defendant appeals.

*Mr. Wm. Henry Parker,* for appellant, cites: *Uncertainty in verdict:* 5 Strob. 134; 3 Brev. 113; 11 Rich. 600.

· *Messrs. Logan & Grace,* contra, cite: *Presumptions are in favor of verdict:* 29 Ency. 1017; 1 McM. 429; 65 S. C. 242; 75 S. C. 230; 10 S. C. 493. *Amount of damages is usually for the jury:* 88 S. C. 91; 89 S. C. 3; 86 S. C. 529.

October 17, 1912. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The appeal of the defendant in this action for the recovery of possession of a small triangular strip of land involves the sufficiency of the form of the verdict, and the correctness of some propositions of law laid down in the charge.

The plaintiff and defendant bought adjoining tracts of land from F. Schaffer, and the' dispute arose over the boundary line. The jury found a verdict in this form:
"Find for the plaintiff the land in dispute and two hundred dollars damages." A motion for a new trial was refused on condition that the plaintiff should remit one hundred dollars from the damages assessed by the jury. The condition was complied with and the judgment entered accordingly. The defendant contends that the verdict should have been set aside for uncertainty because in limits and area "the land in dispute" as described in the complaint does not correspond with "the land in dispute" as represented on the plats, and the plats do not correspond with each other. Analysis of the issues will show that the objection is not well founded.

F. Schaffer had a tract of 987 acres surveyed and divided by Simons & Howe, surveyors, in January, 1881. On 20 January, 1892, he conveyed to Guy Smalls, the plaintiff, one of the lots of land designated on the plat as No. 22 containing twenty acres, in pursuance of an agreement to sell

under which Smalls had been in possession for several years. On 22 August, 1907, the defendant, John J. LaRoche, acquired his title from Schaffer to the lots designated on the Simons & Howe plat as "lots 23, 24, 25, 26 and the area to the southeast thereof." One of the boundaries of his purchase was the Rockville road, and another was "lands of Guy Smalls, known as lot 22."

The plaintiff thus sets out the basis of his claim and the description of the land in the first paragraph of the complaint: "That he is now, and at the times hereinafter mentioned was, the owner of and entitled to immediate possession of a certain tract of land on Wadmalaw Island, in the county of Charleston, State of South Carolina, and has been the owner of and in possession of said tract of land for more than twenty years last past, to wit, from on or about the month of June, 1881; which said tract of land is described as follows:

"Being the western part of lot No. 22; measuring and containing on Rockville road 1.85 chains, and in depth running to the southwest corner of said lot No. 22, 52.5 chains, more or less; butting and bounding east on remaining portion of lot No. 22; south by Cherry Point; north by Rockville road; west by lot No. 23, which said lot of land is shown by being colored red on the plat hereto attached and made a part of this complaint."

The plat referred to in the complaint is not that of Simons & Howe, but a plat made for plaintiff in 1909. Commencing with what appears to be an undisputed corner on the Rockville road, the variance in the plats is as follows: The Simons & Howe plat represents the distance to the line of Guy Smalls' lot 22 as 808½ feet; another, the Barbot plat, introduced by the plaintiff, represents it as 670 feet; and the plat attached to the complaint represents it as 693 feet. Had the jury intended to limit the holding of the plaintiff to lot 22 as laid down on the Simons & Howe plat, they must have found a verdict for the defendant; for measuring

the defendant's line 808½ feet from the corner on the Rockville road would have brought the disputed strip within his lines. The Barbot plat introduced in evidence representing defendant's line as 670 feet from the corner on the Rockville road must be rejected, for it gave the plaintiff more than he claimed in his complaint. The Simons & Howe plat and the Barbot plat being thus necessarily eliminated, it is clear that the verdict must be referred to the land in dispute represented on the plat attached to the complaint. Thus all uncertainty disappears and the meaning of the verdict is made clear.

It is true that the plaintiff in his complaint describes his land as "Lot No. 22," but he sets out its boundaries and dimensions by a plat attached which did not correspond to the Simons & Howe plat. Under his general allegation of title and right of possession to the land described and represented on the plat attached, he had a right to prove title to the land so described from any source, whether conveyance or adverse possession; and the issue of title by adverse possession was, therefore, properly submitted to the jury. It may be that the plaintiff might have been required to make his complaint more definite and certain by stating whether he claimed only lot 22 as laid down on the Simons & Howe plat, but that point was not before the Court.

The Court, in the following sentence of the charge, by a manifest inadvertence, used the word "defendant" where we have italicized it for "plaintiff," for the plaintiff and not the defendant had set up adverse possession, and the defendant had claimed that the plaintiff and not himself had dispossessed himself of the disputed land at the demand of the true owner and had thus acknowledged defendant's title and broken the continuity of the alleged adverse possession: "Now the defendant's position is that I did not trespass upon the plaintiff's land, but that he is simply asserting his title to that which under his deed he is entitled to, and the possession which the *defendant* sets

up is not continuous for ten years, he admits that by dispossessing himself he recognizes the title of the plaintiff in that period, if such is a fact, and you are to say whether that is a fact." If counsel for defendant thought that the inadvertence of saying defendant when plaintiff was meant was not manifest to the jury, he should have called it to the attention of the Circuit Judge.

Affirmed.

MR. JUSTICE WATTS *did not sit.*