## 16827

### REESE v. NATIONAL SURETY CORP.
(80 S. E. (2d) 47)

*Messrs. Edens & Woodward,* of Columbia, *for Appellant,*

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, *for Respondent,*

January 28, 1954.

OXNER, Justice.

This action was brought against the National Surety Company under an Act approved June 2, 1952, 48 St. at L. 3, for the recovery of damages alleged to have been sustained as a result of the negligent, reckless and willful operation of a school bus. The statute mentioned requires insurance on all state-owned school buses indemnifying, among others, any person who suffers personal injury or property damage by reason of the negligent operation of a school bus. Only actual damages may be recovered.

The National Surety Company, except as to certain formal allegations of the complaint, entered a general denial and also set up a plea of contributory negligence, recklessness and wilfulness. At the conclusion of the plaintiff's testimony, the defendant moved for a nonsuit upon the ground that the undisputed evidence showed that plaintiff was guilty of contributory negligence in driving on the left side of the road when within 100 feet of an intersection, in violation of Section 46-388 of the 1952 Code. This motion was denied. There was no motion for a directed verdict at the conclusion of the testimony. The jury found for the plaintiff in the sum of $500.00. The defendant then made a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was refused. From the judgment entered on the verdict of the jury, the defendant has appealed.

A brief reference to the testimony is necessary for a proper understanding of the questions raised by the exceptions. According to the plaintiff, on the morning of September 15, 1952, while traveling in Richland County at a speed of 35 or 40 miles an hour along Highway No. 262, he overtook and attempted to pass a school bus on a straight stretch of road and as· he did so, the driver of said bus, without any warning or signal, suddenly made a left turn for the purpose of entering a dirt or unimproved county road, causing the right front of his automobile to collide with the left rear wheel of the bus.

The driver of the school bus, a twelfth grade student, testified that as he approached this intersection, traveling about 22 miles an hour, he saw in his rear view mirror the automobile of the plaintiff behind him; that by his mechanical direction signal he gave due notice that he was about ·to make a left turn, but notwithstanding this warning, plaintiff undertook to pass him on the left and collided with the left rear wheel of the bus as it entered the side road.

Before discussing the exceptions, it might not be amiss to state that we find no basis for plaintiff's contention that the joinder of the unimproved road with State Highway No. 262 did not constitute an intersection within the meaning of Section 46-257 of the 1952 Code. This dirt road was a public one maintained by Richland County. Moreover, plaintiff knew of this entrance to Highway No. 262 because he passed it almost every day going to and from work. The undisputed evidence shows a violation of Section 46-388 which provides that "no vehicle shall at any time be driven to the left side of the roadway * * * when approaching within one hundred feet of or traversing any intersection". While the defendant made a motion for a nonsuit on the ground that this section had been violated, there is no appeal from the refusal of this motion. Nor, as previously stated, was there any motion for a directed verdict. If the question of nonsuit or directed verdict were properly before us, a serious question would be presented.

All of the exceptions other than the last one relate to the charge. The first complaint is that the Court erred in refusing the following request by defendant:

"I charge you that if you should find that the plaintiff drove his automobile to the left of the center of the road while he was approaching within 100 feet of an intersection, that this would be a violation of statute; and, if you should further find that such violation contributed as a proximate cause to the collision, then your verdict should be for the defendant."

It must be conceded that the foregoing request embodied a sound statement of law, but we think it was fully covered in the general charge. The jury was instructed that any violation of the provisions of the uniform act regulating traffic on the highways would constitute negligence *per se*. Among other sections of this statute read to the jury was 46-257 defining an intersection and the jury was further twice instructed "that the statute law of South

Carolina provides that no vehicle shall at any time be driven to the left side of the roadway when approaching within 100 feet of or traversing any intersection or railroad grade crossing." The Court further charged that the plaintiff "must not only prove that the operator of the school bus was negligent but he must also convince you that he was not negligent himself, and nothing that he did contributed to the injury, because if he fails to do that, he would not be able to recover."

We do not agree with counsel for defendant that the foregoing request was tantamount to a motion for a directed verdict or peremptory instruction that plaintiff was guilty of contributory negligence as a matter of law.

It is further claimed that the Court erred in refusing a request to charge by defendant to the effect that if the jury found both drivers guilty. of negligence, it did "not matter which was the more negligent of the two, for if the plaintiff was negligent to any extent", contributing as a proximate cause of his injury, he could not recover. This principle was fully covered in the general charge where, after defining contributory negligence, the jury was emphatically told that such negligence "if proven to any extent" would defeat recovery.

We next consider the exceptions to the charge on the question of damages. There was testimony to the effect that it cost $184.18 to repair plaintiff's car, a 1948 Chevrolet, which still had the appearance of being in a wreck; that while the car was being repaired, plaintiff expended the sum of $70.00 in renting another car for use in going to and from work, a distance of eight or ten miles; that as a result of the collision, his head struck the steering wheel causing a large knot, necessitating his being away from work for three or four days at a loss of $8.00 a day. With this testimony before the Court, the jury was instructed as follows on the question of damages:

"Now, Mr. Foreman and Gentlemen of the Jury, in this case, if you did conclude that the plaintiff has made out his case and was entitled to a verdict, in order to arrive at what would be a fair and proper amount to award him as actual damages, because in this case we are not concerned with anything but actual damages, and his claim is Five Hundred ($500.00) Dollars, with reference to his automobile, if you conclude he is entitled to a verdict, then in order to give him a fair amount for damages to his automobile, you would simply ascertain from the evidence which you heard, what was the reasonable market value of the automobile before the collision and what was the reasonable market value of the automobile after the collision. In arriving at that figure, you just simply have to take into consideration his repair bill and the other testimony you heard. In addition to that, you could award him a reasonable sum of money to compensate him for the loss of the use of his automobile, for a reasonable length of time which it took to have the same repaired. Now, with reference to his personal injury, you just simply have to take into consideration the nature and extent of the injuries which he alleges he received, any pain and suffering that accompanied the injury, loss of time, any medical expense or any other thing that accompanied that injury. Just use your good common sense and give him a sum of money that will put him back in the same position that he was before he sustained the loss."

It seems to be conceded that the foregoing charge as to property damage was substantially in accord with the rule announced in *Coleman v. Levkoff*, 128 S. C. 487, 122 S. E. 875, and that the charge on the measure of damages for personal injuries is correct in the abstract. The complaint is that there is no testimony in the case to support several of the elements of damage submitted to the jury. It is stated that there was no testimony tending to show the value of plaintiff's automobile before and after the accident; that there was no testimony showing the length of time reasonably required to repair plaintiff's automobile; and that

the record affirmatively shows that plaintiff was not attended by a physician and incurred no medical expenses. Although we think the testimony sufficiently shows the length of time necessary to repair the automobile, we agree that there was no evidence of medical expenses or any direct testimony as to the difference in the value of plaintiff's car before and after the accident. But we think the deficiency in the testimony in these particulars should have been called to the Court's attention. The rule is well established in this State that an instruction upon an issue as to which there is no evidence is not reversible error unless the attention of the Court is called to that fact. *South Carolina Power Co. v. Baker,* 212 S. C. 358, 46 S. E. (2d) 278, and cases therein cited.

Complaint is further made that in instructing the jury that they could take into consideration the nature and extent of the injuries which plaintiff *"alleges* he received", the Court permitted compensation on the basis of injuries *alleged* rather than *proved.* But we think this was a mere inadvertence which could not have misled the jury. The situation is somewhat similar to that in *Smalls v. La Roche,* 93 S. C. 45, 75 S. E. 1016, 1018, where at one point in the charge the Court used the word "defendant" instead of "plaintiff". In holding this was not reversible error, the Court said: "If counsel for defendant thought that the inadvertence of saying 'defendant' when 'plaintiff' was meant was not manifest to the jury, he should have called it to the attention of the circuit judge."

Exception 6 has not been argued and is presumably abandoned.

The remaining exception is to the effect that the trial Judge erred in refusing to grant a new trial upon the ground that the verdict was excessive and the result of passion and caprice. While the verdict is a rather liberal one, we think there is some evidence to sustain it. As previously pointed out, the repair bill was $184.18, rental for another car $70.00, and loss of wages approximately

$25.00. The jury awarded $500.00, which evidently included between $200.00 and $250.00 for pain and suffering due to the head injury. We cannot say this is excessive.

In conclusion, it should be stated that counsel for both plaintiff and defendant construed the Act under which this action was brought, 48 St. at L. 3, as requiring the plaintiff to allege and prove lack of contributory negligence on his part and, as heretofore noted, the Court so charged the jury. The correctness of this construction is not before us and we are not to be understood as intimating any opinion thereabout. We may add, however, that while the Act does require a proof of lack of contributory negligence when a claim is made under Section 3, it is very doubtful whether this applies where, as here, the accident occurred after insurance had been procured on these school buses.

Judgment affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and G. BADGER BAKER, A. A. J., concur.