17182

LAWRENCE G. SEWELL, JR., by and through his Guardian ad litem, L. G. SEWELL, Respondent, v. MARION M. HYDER, EZELL KIMBALL, ONE 1949 FORD SEDAN, South Carolina License No. D-2581, and CANAL INSURANCE COMPANY, a Corporation, Appellants.

(93 S. E. (2d) 637)

*Rufus M. Ward, Esq.,* of Spartanburg, *for Appellants,*

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Respondent,*

July 9, 1956.

Moss, Justice.

Lawrence G. Sewell, Jr., instituted this action through his guardian *ad litem,* against Marion M. Hyder, an agent and servant of Ezell Kimball, the owner of the taxi driven by Marion M. Hyder, and Canal Insurance Company, the liability carrier upon the taxis owned by Ezell Kimball, to recover actual damages alleged to have been sustained to respondent's automobile, as a result of a collision between the 1949 Chevrolet coach owned by the respondent, and the 1949 Ford Sedan owned by Ezell Kimball and driven by Marion M. Hyder, which collision took place at the intersection of Pine and Norwood Streets, in the City of Spartanburg, South Carolina, at about 11:30 P. M. on December 24, 1954.

The complaint alleges that respondent's damage was directly and proximately caused by the negligence and carelessness of the appellants in the operation of a taxi, in the following particulars: In failing to yield the right of way to respondent when his automobile had commenced to pass the taxi; in failing to heed warning signal given by respondent; in failing to keep a proper lookout; in abruptly turning without warning or signal appellant's auto in the path of respondent's car; and in failing to apply such brakes as he may have had. The answer of the appellants sets up a general denial, and contributory negligence and willfullness on the part of the respondent.

The case came on for trial before the Judge of the County Court of Spartanburg County and resulted in a verdict in favor of respondent. At appropriate stages of the trial, the appellants moved for a nonsuit, directed verdict and judgment *non obstante veredicto*. These motions were predicated upon the ground that the only reasonable inference to be drawn from the testimony was that the respondent was guilty of contributory negligence as a matter of law which bars his right of recovery against the appellants. The sole question for determination is whether or not the County Judge erred in refusing to so hold.

Pine Street runs north and south and is a part of United States Highway No. 176 and State Highway No. 9. Norwood Street intersects Pine Street at a right angle on the east side thereof. The vehicles involved in the collision at the intersection of Norwood and Pine Streets were both traveling south on said Pine Street. Glendalyn Avenue intersects Pine Street at right angles one block north of Norwood Street on the east side of Pine. The distance between Glendalyn Avenue and Norwood Street is estimated as being 400 feet, and the width of Pine Street is estimated to be 45 to 50 feet.

It also appears that the taxi of appellants was proceeding South on Pine Street in front of the automobile of the respondent. The respondent states that when he was about

three hundred and fifty feet from the intersection of Norwood Street he blew his horn, blinked his lights and increased his speed to about 30 miles per hour, the taxi being driven at about 25 miles per hour, and pulled to the left side of the street and started to pass the automobile of the appellants, and continued to travel on the left hand side of the street until the time of the collision. At the intersection of Norwood Street and Pine Street, the taxi driver started pulling to his left to make a turn into Norwood Street. The respondent stated that he was familiar with the intersection of Norwood and Pine Streets, using said Pine Street in going to and from his place of residence. He further stated that he was less than 100 feet from the intersection when the appellant pulled to the left and that he knew that he was not supposed to pass at an intersection or within 100 feet thereof. He admitted that the collision took place at the edge of the intersection and while he was on the left side of Pine Street and in the act of passing the taxi. He further stated that the collision would not have taken place if he had not been trying to pass the taxi at the intersection.

The respondent alleges that he gave a signal of his intention to pass the taxi on the left. The appellant Hyder, the driver of the taxi, states that he gave a mechanical signal of his intention to make a left turn at the intersection of Norwood and Pine Streets. The respondent and the driver of the taxi both state that they did not know of the giving of the signal by the other.

The respondent related on direct examination the details of the collision and on cross examination by appellant's counsel, the record discloses that he gave the following testimony:

"Q. As I understand you, Mr. Sewell, there is no question about the fact that you are on the left side of the street when your automobile was less than 100 feet from that intersection, is there? You were on the left side of Pine Street, in the act of passing, when your automobile was less than 100 feet from the intersection? A. Yes, sir.

Q. There is no question about that? A. No, sir. ◦

Q. And there is no question about the fact you were familiar with the street and knew Norwood Street was there? A. No, sir.

Q. There is no question about the fact that the collision happened right at the edge of the intersection? A. No, sir.

Q. And there is no question about the fact you were passing at the time of the impact, or attempting to pass this taxi cab? A. No, sir.

Q. And there is no question about the fact that you were on the left' side of the roadway at the time of the impact? A. No, sir.

Q. And if you hadn't been passing right at the intersection, the accident never would have happened; couldn't have happened,' if you hadn't been passing right there, could it? A. No, sir."

The appellants contend that under the respondent's own testimony that he was guilty of contributory negligence as a matter of law, since it clearly appears that he violated Section 46-388(2) of the 1952 Code of Laws of South Carolina, which provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * * (2) When approaching within one hundred feet of or traversing any intersection * * *."

It is also asserted that he must be held guilty of contributory negligence as a matter of law, especially since the testimony shows that he violated Section 40 of Chapter 21 of the 1949 Code of Laws of the City of Spartanburg, which provides:

"No vehicle shall in overtaking and passing another vehicle or at any other time be driven to the left side of the roadway * * * when approaching within one hundred feet of or traversing any intersection * * *."

The motions of the appellants for nonsuit, directed verdict and judgment *non obstante veredicto* were on the ground

that the respondent's own testimony shows that he was guilty of contributory negligence as a matter of law in overtaking and attempting to pass on the left side of the roadway when within 100 feet of the intersection of Norwood and Pine Streets.

The undisputed testimony shows that the respondent violated the statute of the State of South Carolina and the ordinance of the City of Spartanburg by driving to the left side of Pine Street and attempting to pass the taxi of appellants when approaching within 100 feet of the intersection of Norwood and Pine Streets.

This Court has stated in *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465, 469, the following:

"The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; *Lawrence v. Southern Ry., Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolina Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625."

In the case of *Sanders v. State Highway Department,* 212 S. C. 224, 47 S. E. (2d) 306, 307, this Court said:

"The rule is expressed in *Lusk v. State Highway Department,* 181 S. C. 101, 186 S. E. 786, 793, as follows: 'If the only reasonable inference to be drawn from all of the testimony is that the negligence of the complainant is a direct and proximate cause of the injury and damage, or that the negligence of the complainant contributed as a direct and proximate cause, then it would be the duty of the trial judge to order a nonsuit or direct a verdict against such plaintiff.' "

The appellants apparently concede that the driver of the taxi was guilty of negligence. No issue is raised in this case that he was not guilty of negligence nor could such be raised under the testimony. From a review of the testimony here-

inbefore recited, we do not think it can be reasonably inferred from such that the respondent did not negligently contribute to his own injury. The only reasonable inference to be drawn from all the testimony is that the respondent was guilty of contributory negligence as a matter of law. He was familiar with the highway, knew that he was approaching an intersection of two streets, he was attempting to pass on the left at an intersection, and with commendable candor admits that if he had not been passing at the intersection, the accident never would have happened. The respondent's own conduct contributed as a proximate cause to his damage and he is, therefore, barred from recovery of damages in this action. *Gillespie v. Ford,* 222 S. C. 46, 71 S. E. (2d) 596.

We can reach no other conclusion than that the trial Judge erred in refusing the motion of the appellants for a directed verdict.

The judgment of the lower court is reversed, and the case is remanded to the court in order that judgment may be entered in favor of the appellants.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.