Jimmy HICKS, Plaintiff,

v.

John O. KOSA, Defendant.

Civ. A. No. 6585.

United States District Court
E. D. South Carolina,
Orangeburg Division.

Nov. 14, 1958.

Marshall B. Williams, Orangeburg, S. C., for plaintiff.

Roberts, Jennings, Thomas & Lumpkin, Columbia, S. C., for defendant.

WYCHE, District Judge.

The above action, instituted in the State Court and removed here upon the ground of diversity of citizenship, was brought by plaintiff to recover damages against defendant for his alleged actionable negligence in causing a collision between a Ford truck which plaintiff was operating and a Ford station wagon owned and operated by the defendant. The vehicles collided as plaintiff was making a left turn from U. S. Highway No. 301 into a county road approximately three miles west of Manning, South Carolina, at which time defendant, traveling in the same direction as plaintiff, attempted to pass the truck plaintiff was operating.

The defendant answered denying the material allegations of the complaint, alleged contributory negligence, carelessness or wilfulness on the part of plaintiff and counterclaimed to recover against plaintiff for defendant's damages alleged to have been sustained in the collision.

The case was tried before me without a jury, and in compliance with Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## Findings of Fact

1. On July 3, 1957, at about 3:30 P. M., plaintiff was operating a Ford truck on U. S. Highway No. 301 at a point approximately three miles southwest of the Town of Manning, S. C. and the truck, proceeding in a northerly direction, was at the head of a line of vehicles extending some distance to its rear.

2. A Ford station wagon, owned and operated by the defendant, was one of the vehicles in the line of traffic following the truck driven by plaintiff.

3. As plaintiff approached an unpaved county road which connected with U. S. Highway No. 301 near the Paddock Motor Court, plaintiff gave a continuous hand signal for a distance of one hundred fifty feet prior to reaching the roadway of his intention to make a left turn from U. S. Highway 301 into said county road.

4. During the time plaintiff was signaling traffic in the rear of his intention to make a left turn from U. S. Highway 301, the defendant, operating his Ford station wagon, came from the line of traffic behind plaintiff, went to the left of the highway, suddenly, without warning and without heeding plaintiff's signal, attempted to pass other vehicles and plaintiff's truck, which at the time was in the process of making its left turn from said highway.

5. As plaintiff was making the left turn into the county roadway the vehicle of the defendant, being operated at a high and excessive rate of speed to the left of the center of the highway in the direction in which the same was traveling and attempting to pass other vehicles at the time, ran into and collided with the left side of the truck operated by plaintiff at a point just before the truck was about to clear said highway and enter the county road. There were skid marks of the defendant's vehicle running from the point of impact in a southernly direction along U. S. Highway 301 for approximately ninety feet; and the force of the impact knocked the truck a distance of approximately ten feet in a northwesternly direction into a ditch on the north side of the county roadway.

6. That the joinder of the county roadway with U. S. Highway 301 constituted an intersection.

7. The defendant was guilty of negligence in driving to the left of center and attempting to pass the vehicles on the highway within one hundred feet of an intersection, and in disregarding the signal given by plaintiff of his intention to make a left turn from said highway. He was also guilty of negligence in passing at a high and excessive rate of speed and in failing to give any warning or signal of his intention to pass the vehicles at the time and place mentioned, all in violation of Sections 46–388(2), 46–384, 46–582, 46–361, 46–362 and 46–363, Code of Laws of South Carolina 1952.

8. The plaintiff was not guilty of any negligence.

9. The negligence of the defendant constituted the direct, proximate and efficient cause of the collision and the resulting damages to plaintiff.

10. Plaintiff was 27 years of age and in good health prior to the collision. He was a strong individual and had worked regularly as an employee of the South Carolina Cotton Mills at Orangeburg, South Carolina. At the time of his injuries plaintiff was earning an average of $38.40 per week and was supporting his family, consisting of his wife and seven minor children.

In the collision he sustained serious and permanent injuries to his back which began as an acute lumbosacral sprain, requiring hospitalization for a period of nineteen days and an additional sixty days as a bed patient at his home. His injuries developed a chronic condition with periods of acute back muscle spasm and accompanying pain, which have required injections of novocaine and cortisone on six occasions during the past eight months. It has been necessary for him to wear a back brace with shoulder straps since his release from the hospital and plaintiff is permanently disabled to

do manual labor or any type of work requiring any degree of bending or lifting. Plaintiff has a limited education, having completed only the second grade in school and is not trained in any field of employment which does not require manual labor.

Plaintiff, out of necessity to provide for his family, returned to work in January, 1958, but due to his injuries he has only been able to do part-time work at said mill and has not been able to work over sixteen hours in any week.

11. Plaintiff suffered damages on account of his personal injuries in the sum of $8,000.

### Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this action.

2. The rights and duties of the parties are governed by the laws of the State of South Carolina, the place where the collision occurred.

3. Section 46–388(2) of the 1952 Code of Laws of South Carolina provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * *;

"(2) When approaching within one hundred feet of or traversing any intersection * * *;"

4. Section 46–384 Code of Laws of S. C. 1952, dealing with overtaking a vehicle and audible signal, states:

"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions and special rules hereinafter stated:

"(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle; and

"(2) Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

5. Further dealing with safe operation of motor vehicles, Section 46–582 of S. C. 1952 Code of Laws sets forth:

"The driver of a motor vehicle shall, when reasonably necessary to insure a safe operation, give audible warning with his horn but shall not otherwise use such horn when upon a highway."

6. Sections 46–361, 46–362 and 46–363 of the 1952 Code of Laws of South Carolina, with respect to speed restrictions, provide:

"§ 46–361. General rule.

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

"§ 46–362. Prima facie speed limits.

"Where no special hazard exists that requires lower speed for compliance with § 46–361 the speed of any vehicle not in excess of the limits specified in this section or established as herein authorized shall be lawful, such limits established in this section being:

"(1) Twenty-five miles per hour in any business district.

"(2) Thirty-five miles per hour in any residence district; and

"(3) Fifty-five miles per hour under other conditions.

"Any speed in excess of such limits or limits established as herein otherwise authorized shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful.

"The prima facie speed limits set forth in this section may be altered as authorized in §§ 46–367 to 46–371.

"§ 46–363. When lower speeds required.

"The driver of every vehicle shall, consistent with the requirements of § 46–361, drive at an appropriate reduced speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when any special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

7. In the case of Sewell v. Hyder, 229 S.C. 480, 93 S.E.2d 637, 639, the Supreme Court of South Carolina in discussing Section 46–388(2) of the 1952 Code of Laws stated:

"The undisputed testimony shows that the respondent violated the statute of the State of South Carolina and the ordinances of the City of Spartanburg by driving to the left side of Pine Street and attempting to pass the taxi of appellants when approaching within 100 feet of the intersection of Norwood and Pine Streets.

"This Court has stated in Chapman v. Associated Transport, Inc. 218 S.C. 554, 63 S.E.2d 465, 469 the following:

" 'The violation of an applicable statute is negligence per se, and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. Eickhoff v. Beard-Laney, Inc., 199 S.C. 500, 20 S.E.2d 153, 141 A.L.R. 1010; * * *.' "

8. In Reese v. National Surety Corp., 224 S.C. 489, 80 S.E.2d 47, 48, the Court in discussing intersections stated:

"Before discussing the exceptions, it might not be amiss to state that we find no basis for plaintiff's contention that the joinder of the unimproved road with State Highway No. 262 did not constitute an intersection within the meaning of Section 46–257 of the 1952 Code. This dirt road was a public one maintained by Richland County."

9. In the absence of anything to put plaintiff on notice to the contrary, he was entitled to assume that other vehicles on the highway would be operated in accordance with law and with the exercise of due care. Flowers v. South Carolina State Highway Dept., 206 S.C. 454, 34 S.E.2d 769. Plaintiff was operating his truck in a lawful manner and exercising due care when the collision occurred. The collision and resulting injuries and damage to plaintiff were not caused nor contributed to by any negligence on the part of plaintiff.

10. Applying the foregoing principles of law and the statutes of South Carolina to the facts in this case, I conclude that the collision and the resulting injuries and damages to the plaintiff were caused by the negligence of the defendant.

11. The negligence of the defendant was the direct and proximate cause of the collision and resulting injuries and damages to plaintiff, without which they would not have occurred.

For the foregoing reasons, it is my opinion that the plaintiff is entitled to recover judgment against the defendant for damages for personal injuries in the sum of $8,000, and that judgment on the counterclaim be entered in favor of the plaintiff and against the defendant; and

It is so ordered.