18469

A. B. GRAINGER, Respondent, v. NATIONWIDE MUTUAL IN-
SURANCE COMPANY, Appellant.

(147 S. E. (2d) 262)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*J. Reuben Long, Esq.,* of Conway, *for Respondent,*

March 1, 1966.

Moss, Acting Chief Justice.

A. B. Grainger, the respondent herein, brought this action against Nationwide Mutual Insurance Company, the appellant herein, under Section 21-840(c) of the 1962 Code, for the recovery of actual damages to his pickup truck as a result of the negligent operation of a school bus. The statute mentioned requires insurance on all state owned school busses, indemnifying, among others, any person who suffers property damage by reason of the negligent operation of a school bus. Only actual damages may be recovered.

It appears from the complaint that the respondent is a member of the general public and he alleges that his property damage was caused by a collision between a pick-up truck owned and operated by him and a school bus. He further alleges the damage to his pick-up truck was directly and proximately caused by the negligence of the driver of the school bus. The answer of the appellant contained a general denial and a plea of contributory negligence and recklessness on the part of the respondent.

This case came on for trial before the Honorable Claude M. Epps, Judge of the Civil and Criminal Court of Horry County, and a jury. At the close of all the testimony, the appellant made a motion for a directed verdict on the ground that the only reasonable inference to be drawn from all the testimony was that the respondent was guilty of contributory negligence. This motion was refused. The trial judge submitted to the jury the question of whether the driver of the school bus was guilty of negligence and whether the respondent was guilty of contributory negligence in the operation of his truck. The jury returned a verdict for actual damages in favor of the respondent. After the rendition of said verdict, the appellant moved for judgment *non obstante veredicto* and, in the alternative, for a new trial. The motion was refused and this appeal followed.

A brief reference to the testimony is necessary for a proper understanding of the question raised by the exception of the appellant. According to the testimony of the respondent, on the morning of May 22, 1962, he was driving his truck over and along highway No. 306 at a speed of twenty-five to thirty miles per hour when he got behind a school bus and followed it a quarter of a mile on a straight paved road. Both vehicles were approaching the intersection of the paved highway, on which they were traveling, and an unimproved county road. The respondent lived approximately one-half mile from the scene of the accident, having resided there for thirty-eight years. The evidence shows that he knew of and was completely familiar with the intersection of the paved highway and the unimproved county road. He testified that as he attempted to pass the school bus at the intersection it turned left to enter the county road, colliding with his truck. When the respondent was asked as to why he did not pass the school bus before he got to the intersection, his reply was, "I believe other cars were coming." He testified that he saw no signal lights given by the school bus driver of any intention to turn into the unimproved county road. The respondent and a highway patrolman fixed the point

of collision as being in the left lane of the center of the intersection of the two roads.

The motions of the appellant for a directed verdict and judgment *non obstante veredicto* were on the ground that the only reasonable inference to be drawn from all of the testimony was that the respondent was guilty of contributory negligence as a matter of law in overtaking and attempting to pass the school bus on the left side of said highway when within one hundred feet of an intersection of the unimproved county road and the paved highway.

Section 46-388 of the 1962 Code of Laws, provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"* * * (2) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;"

The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to a plaintiff's injury is ordinarily a question for the jury. However, if the only reasonable inference to be drawn from all of the testimony is that the negligence of a plaintiff is a direct and proximate cause of his injury and damage or that his negligence contributed as a direct and proximate cause, then it is the duty of the trial judge to direct a verdict against such plaintiff. *Sewell v. Hyder,* 229 S.C. 480, 93 S. E. (2d) 637. We will assume that the issue of negligence on the part of the driver of the school bus was properly for the jury and that the evidence warranted a finding that he was guilty of such. The determination of the question of contributory negligence is controlled by the facts and circumstances of the particular case and the court will not decide it as one of law if the testimony is conflicting or if the inferences to be drawn therefrom are doubtful.

It is clear from this record that the respondent was guilty of negligence *per se.* The question then arises as to whether such negligence contributed as a prox-

imate cause to the collision and the respondent's damage. He was familiar with the highway, knew that he was approaching an intersection, and was attempting to pass on the left at such intersection. We think that the respondent's own negligent conduct contributed as a proximate cause to his damage and he is barred from recovery of damages in this action. Under the admitted facts the case of *Sewell v. Hyder, supra,* is controlling and requires the aforesaid conclusion.

It is the position of the respondent that the case of *Jumper v. Goodwin,* 239 S. C. 508, 123 S. E. (2d) 857, is here controlling. In the *Jumper* case, the plaintiff was passing the defendant's truck when the driver thereof, while attempting to turn into an unpaved county road, suddenly and without warning turned left into the path of plaintiff's car. On appeal from the verdict in favor of the plaintiff, the defendant contended that as a matter of law the plaintiff was guilty of contributory negligence or willfulness so as to bar her recovery. This contention was based upon plaintiff's violation of Section 46-388(2) of the Code, which prohibits the driving of a vehicle to the left side of the roadway when approaching within one hundred feet of or traversing any intersection. The court affirmed the verdict below on two grounds: (1) although the plaintiff was guilty of negligence *per se* in violating the aforesaid statute, whether such was the proximate cause of the collision was a question for the jury and it may well have found that it was not the proximate cause in view of other delicts on the defendant's part; and (2) although the plaintiff was guilty of negligence *per se,* the jury could have found that the defendant's conduct amounted to willfulness or recklessness, in which event the plaintiff could recover notwithstanding contributory negligence. In the *Sewell* case, as here, there was no issue of willfulness on the part of the driver of the school bus. Hence, the case here is factually and legally distinguishable from the *Jumper* case.

It is our conclusion that under all of the testimony here that the respondent was guilty of contributory negligence.

This defeats his recovery. It follows that the trial judge erred in refusing the motion of appellant for a directed verdict. The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in favor of the appellant.

Reversed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.