## 17749

William T. WEST and Ruby R. West, Respondents, v. Hubert SOWELL and Walker Gainey, Appellants

(118 S. E. (2d) 692)

*Messrs. D. Glenn Yarborough,* of Lancaster, *and Murch-ison, West & Marshall,* of Camden, *for Appellants,*

*Messrs. James H. Howey and Williams & Parler,* of Lancaster, *for Respondents,*

February 27, 1961.

Moss, Justice.

These two actions, arising out of the same automobile accident, were tried together by consent of the parties and resulted in verdicts for actual damages in favor of the respondents, who are husband and wife. The accident occurred at about 7:30 o'clock A. M. on October 10, 1958, on Highway No. 903, about one and one-half miles west of Flat Creek School in Lancaster County, South Carolina, when

a Ford automobile owned by the respndent, William T. West, and driven by the respondent, Ruby R. West, collided with the rear of a Ford truck owned by Hubert Sowell, and operated at the time and place by Walker Gainey, an agent and servant of Sowell. William T. West brought his action against Hubert Sowell and Walker Gainey, appellants, to recover damages to his automobile. The action of Ruby R. West was to recover damages for personal injuries sustained by her.

Timely motions for a nonsuit and a directed verdict were made on three grounds: (1) That there was no evidence of actionable negligence on the part of the appellants; (2) That if there was negligence on the part of the appellants, such was not the proximate cause of the injury and damage to the respondents; and (3) That the respondents were guilty of contributory negligence. These motions were refused. After the rendition of the verdict, the appellants moved for judgment *non obstante veredicto,* or, failing in that, for a new trial upon the same grounds as above stated. The motion was refused and this appeal followed. The question for determination by this Court is whether the trial Judge erred in refusing the motions of the appellants.

The question of whether or not there was error in refusing the motions of the appellants for a nonsuit, directed verdict, judgment *non obstante veredicto,* and, alternatively for a new trial, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light favorable to the respondents. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. Ordinarily, contributory negligence is an issue for the jury and it rarely becomes a question of law for the Court. We have also held that if the only reasonable inference to be drawn from all the testimony is that the negligence

of the complainant is a direct and proximate cause of his injury and damage, or that such negligence contributed as a direct and proximate cause, then it would be the duty of the trial Judge to order a nonsuit or direct a verdict against the plaintiff. We have also held that if the inferences properly deducible from controverted evidence are doubtful, or tend to show both parties guilty of negligence, and if there may be a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to the jury. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667.

The complaints in these actions charge that a Ford truck owned by the appellant Hubert Sowell and operated by Walker Gainey was being driven west on Highway 903, just ahead of the automobile owned by William T. West and operated by Ruby R. West. It is further alleged that when the driver of the said truck reached an intersecting road, that he negligently attempted to make a right turn off of Highway 903, and in so doing, drove to the left of the center line of said highway as if to make a left turn and then suddenly cut back and made a right turn in front of the automobile of the respondents. It was further charged that the driver of the truck failed to give a proper signal indicating that a right turn was to be made at the intersection. It is asserted that these acts of negligence of the appellants proximately caused the car driven by Ruby R. West to collide with the rear end of said truck, with resulting damage to the respondents.

The answer of the appellants contained a general denial and also alleged as a defense that the injury to the respondents was caused and occasioned by their contributory negligence in failing to have their automobile under proper control, and in following the appellants' truck too closely on the highway, and in failing to apply the brakes to avoid hitting the truck of the appellants.

It appears from the testimony that Ruby R. West was employed at Grace Bleachery of the Springs Cotton Mills,

in Lancaster, South Carolina. On the morning of October 10, 1958, at about 7:30 A.M., Ruby R. West driving an automobile belonging to her husband William T. West, and accompanied by four of her fellow employees, was traveling over and along Highway 903 on the way to work. This car was being driven about three car lengths back of the truck of the appellants; both the car and truck were traveling west on Highway No. 903, and approaching an intersecting secondary road. It was the intention of the driver of the truck to turn right onto the said secondary road. The testimony in behalf of the respondents shows that when the truck approached the intersection, where the collision occurred, the driver first pulled four to six inches to the left of the center line of said highway, indicating to the driver of the automobile that the truck intended to turn left, and then, without any signal or warning by the driver of the truck, it suddenly turned to the right. Ruby R. West testified that in an effort to avoid striking the rear of the truck, that she attempted to drive to the left of said truck, but in so doing, collided with the left rear thereof. The driver of the truck testified that he did not drive to the left of the center line of said highway and that he gave a hand signal indicating a right turn, but admitted on cross examination it would have been impossible for the driver of the car following the truck to see the hand signal given by him due to the construction of the body of the truck. A witness for the respondents testified that immediately following the collision that he went to the truck of the appellants and that the glass in the door on the driver's side was rolled down about one to one and one-half inches from the top. This testimony indicated that the driver of the truck could not have given the statutory hand signal of his intention to turn right for the reason that the closed window would prevent the giving of such signal.

Typical of the testimony in behalf of the respondents as to what the driver of the truck did at the intersection is as follows:

"He pulled over. Both dual wheels across the yellow line and the white line on the left-hand side and suddenly the truck made a turn to the right right across in front of Mrs. West who was driving very close to the shoulder of the road on her side, but not off the pavement."

It is provided in section 46-388 of the Code that no vehicle shall at any time be driven to the left side of the road when approaching within one hundred feet of an intersection.

Section 46-402 of the Code provides that the driver of a vehicle intending to turn at an intersection shall do as follows:

"(1) Right turns.—Both the approach for a right turn and a right turn shall be made as close as practical to the right hand curb or edge of the roadway;"

Section 46-405 of the Code provides:

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required in §§ 46-402 and 46-403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

Section 46-406 of the Code provides:

"No person shall turn any vehicle without giving an appropriate signal in the manner herein provided in the event any other traffic may be affected by such movement. A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."

Section 46-407 of the Code provides the method of giving hand and arm signals and for a right turn the hand and arm shall be extended upward.

Considering the evidence in behalf of the respondents, in the light most favorable to them, it is sufficient to support the view that the driver of the truck violated Section 46-388 by approaching the intersec-

tion of two highways on the left of the center line thereof, and violated Section 46-402 by failing to approach an intersection for a right turn as close as practical to the right hand edge of the roadway, and violated Section 46-405 by turning the truck at the intersection without having it in proper position as required by Section 46-402, and violated Sections 46-406, 46-407, by turning the truck without giving the appropriate hand and arm signal of his intention so to do. A violation of these sections of the Code constitutes negligence *per se* and such negligence is actionable if it proximately caused injury to the respondents. *Field v. Gregory et al.,* 230 S. C. 39, 94 S. E. (2d) 15.

The appellants assert that the respondents were guilty of contributory negligence as a matter of law and that such constitutes a complete defense to these two actions. They assert that the driver of the automobile of the respondents violated Section 46-361 of the Code, which provides:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

The appellants also assert that the respondents violated Section 46-393 of the Code, which provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

We think that the conflict in the evidence required the trial Judge to submit to the jury the issue of negligence and contributory negligence. *Woods v. Wilhelm,* 232 S. C. 108, 101 S. E. (2d) 252; *Howle v. Woods,*

231 S. C. 75, 97 S. E. (2d) 205; *Dean v. Temptron, Inc.,* 234 S. C. 532, 109 S. E. (2d) 167.

All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, turn, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle must exercise ordinary care to avoid a collision with the leading vehicle. Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, turns, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give before stopping, slowing up, turning, or swerving up his intention to do so, may not be laid down by any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care so required, and whether it was exercised, is for the jury. This is such a case. *Cf. Cardell v. Tennessee Electric Power Co.,* 5 Cir., 79 F. (2d) 934.

The exceptions of the appellants are overruled and the judgment of the lower Court is affirmed.

TAYLOR, OXNER and LEGGE, JJ., concur.