17871

Mrs. Gladys R. JUMPER (Ruple), Respondent, v. Talmadge GOODWIN, Appellant

(123 S. E. (2d) 857)

*Messrs. E. Pickens Rish,* of Lexington, and *Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. R. Milo Smith,* of Lexington, and *Gressette & Gressette,* of St. Matthews, *for Respondent,*

February 7, 1962.

BUSSEY, Justice.

This action was brought to recover damages for personal injuries and property damage resulting from a collision between respondent's automobile and a truck owned by the appellant, and being operated by his agent and servant. The collision occurred around noon on April 19, 1959, about one mile north of the town limits of Swansea, South Carolina, in Lexington County, at the intersection of Highway 321 and an unmarked, unpaved county road leading into the

highway from the east at approximately a right angle. The respondent was driving in a southerly direction on Highway 321 and when she was attempting to pass appellant's truck, the driver thereof suddenly turned to the left into the path of respondent's automobile.

At the conclusion of the testimony the appellant moved the court for a directed verdict, the basis of the motion being the contention that the only reasonable inference to be drawn from the testimony was that the respondent was guilty of contributory negligence as a matter of law, which contributory negligence contributed as a direct and proximate cause to the accident.

The court overruled appellant's motion on two grounds; holding first that if the plaintiff was guilty of negligence, whether such negligence was the proximate cause of the accident was question for the jury, and, secondly, that there was evidence from which the jury could conclude that the defendant was guilty of willfullness or recklessness, in which event, simple contributory negligence would not be a bar.

The jury rendered a verdict in favor of the respondent for thirty-six hundred dollars actual damages, after which the appellant moved for judgment notwithstanding the verdict on the same basis as the motion for a directed verdict, but, on the hearing of this motion, since the trial judge had considered the question of willfullness in his ruling, also argued that if the appellant was guilty of any willfullness under the undisputed facts, the respondent was also guilty of contributory willfullness. This motion was refused by the trial judge and the appeal is from his refusal.

Although the exceptions are several in number, they really raise only one question, as follows:

Could any other reasonable inference be drawn from the testimony in this case than that the respondent was guilty of either contributory negligence or contributory willfullness as a matter of law so as to bar her recovery against appellant?

In considering the refusal of the trial judge to grant ■ a motion for judgment *non obstante veredicto,* it is, of course, the well settled rule in this State that not only the testimony but all reasonable inferences therefrom must be taken most strongly against the appellant and considered in the light most favorable to the respondent. *Wynn v. Coney,* 232 S. C. 346, 102 S. E. (2d) 209; *Melton v. Ritch,* 231 S. C. 146, 97 S. E. (2d) 509; *Cannon v. Motors Ins. Co.,* 224 S. C. 368, 79 S. E. (2d) 369.

Viewed in this light, the facts of this case, supported ■ by evidence, are as follows. The collision occurred in or very near the intersection of U. S. Highway 321 and an unimproved, unpaved county road, there being on Highway 321 no yellow no-passing line or other sign to indicate an intersection. The evidence leaves no doubt that the respondent was guilty of negligence *per se* in violating Sec. 46-388 of the 1952 Code, which provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"* * * (2) When approaching within 100 feet of or traversing any intersection * * *." *Reese v. National Surety Corp.,* 224 S. C. 489, 80 S. E. (2d) 47.

The respondent was familiar with the area, living in the community and knew of the existence of the intersecting dirt road, but was not thinking of it as she approached the scene, there being two other small dirt roads in the immediate vicinity, one of which leads to a private residence and the other of which leads into a cemetery.

Highway 321 is straight and level at the point except that there is a slight rise some distance north of the scene of the collision, estimates of the distance of the crest of this rise from the scene being expressed by the witnesses in hundreds of yards. As the respondent came over the crest of this rise, she saw appellant's truck ahead of her. At this time she was traveling between 50 and 55 miles per hour, the *prima facie* speed limit of 55 miles per hour being ap-

plicable at the location. The appellant's truck was then traveling at between 30 and 35 miles per hour and there were no other vehicles in sight in either direction. Due to the difference in the speeds of the vehicles, respondent overtook appellant's truck and when she was some thirty to thirty-five yards to the rear thereof, she turned on her blinker or turn indicator lights for the purpose of passing appellant's truck, and as she was about to pass, the driver of appellant's truck, without looking back and without giving any signal of any kind, made an abrupt left turn, following which the vehicles collided.

The respondent testified that immediately following the collision, she asked the driver of the truck, "Why didn't you give a signal?" and that he said, "I was in a hurry and wasn't paying any attention to what I was doing." The truck driver, on the stand, denied this statement but two disinterested witnesses, who came immediately to the scene following the crash, testied that an admission to the effect that he was at fault or in the wrong had been made by the truck driver.

There are other conflicts in the testimony, but viewed in the light most favorable to the plaintiff, the evidence established the foregoing facts.

Since it is clear that respondent was guilty of negligence *per se,* the question arises as to whether her negligence contributed as a proximate cause to the collision and respondent's ensuing damage. While violation of an applicable statute is negligence *per se,* whether or not such breach contributed as a proximate cause to a plaintiff's injury is ordinarily a question for the jury. *Green v. Sparks,* 232 S. C. 414, 102 S. E. (2d) 435; *Howle v. Woods,* 231 S. C. 75, 97 S. E. (2d) 205; *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15; *Culbertson v. Johnson Motor Lines,* 226 S. C. 13, 83 S. E. (2d) 338; *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465.

It must be borne in mind that the evidence establishes that the driver of the appellant's truck violated more than

one statute. He turned his vehicle from a direct course and moved left upon the roadway without taking any care or precaution whatsoever to see that such movement could be made with reasonable safety, in violation of Sec. 46-405; he failed to give a signal indicating his intended left turn, in violation of Sec. 46-407; and he also failed to keep a proper lookout for approaching traffic.

The determination of the question of contributory negligence is controlled by the facts and circumstances of a particular case and the court will not decide it as one of law if testimony is conflicting or if the inferences to be drawn therefrom are doubtful. *Bingham v. Powell et al.*, 195 S. C. 238, 11 S. E. (2d) 275; *Anderson v. Hampton & Branchville Railroad & L. Co.*, 134 S. C. 185, 132 S. E. 47; *Keistler Co. v. Aetna Ins. Co.*, 124 S. C. 32, 117 S. E. 70; *Waring v. South Carolina Power Co.*, 177 S. C. 295, 181 S. E. 1.

In *Seay v. Southern Railway*, 205 S. C. 162, 31 S. E. (2d) 133, this Court said:

"It is well settled that the injured person's negligence, in order to bar a recovery, must have contributed as a proximate cause to the injury. It should be emphasized that negligence is contributory in a legal sense only where it contributes proximately to the injury. If the negligence of plaintiff's decedent operated only remotely and not proximately to cause the injury, the plaintiff is not barred of redress. This principle was made clear by this Court in *Bodie v. Charleston & W. C. R. Co.*, 61 S. C. 468, 39 S. E. 715, 720. In that case the Court had this to say: 'In 7 Enc. Law (2d) Ed.), pp. 383-385, the rule is stated—and, we think, correctly, after investigation—as follows: "A want of ordinary care may be said to contribute proximately to an injury when it is an active and efficient cause of the injury in any degree, however slight, and not the mere condition or occasion of it. But it is not a proximate cause of the injury when the negligence of the person inflicting it is a more immedi-

ate, efficient cause. And so when the negligence of the person inflicting the injury is subsequent to and independent of the carelessness of the person injured, *and ordinary care on the part of the person inflicting the injury would have discovered the carelessness of the person in time to avoid its effect and prevent injuring him,* there is no contributory negligence, because the fault of the injured party becomes remote in the chain of causation. In such a case the want of ordinary care on the part of the injured person is held not a judicial cause (*i. e.,* a proximate cause) of his injury, but only a condition of its occurrence. * * *" ' "

Here the evidence is readily susceptible of the inference that the negligence on the part of the respondent did not contribute to the collision as the proximate cause thereof. It is readily susceptible of the inference that had the driver of the truck taken any care or precaution whatsoever, he would have seen respondent overtaking him and would have seen her turn on her signal lights and start to go around him in ample time to avoid the effect of respondent's carelessness and prevent injuring her, and that, therefore, the reckless conduct of appellant's driver was the sole, proximate cause of the collision.

The trial judge was also correct in submitting the case to the jury on the ground that there was evidence from which the jury could conclude that the appellant was guilty of willfullness or recklessness, in which event simple contributory negligence would not be a bar. The violation of an applicable statute is negligence *per se* and is ordinarily evidence of willfullness which may be considered by the jury, together with all of the other circumstances in the case, in determining whether a party was only negligent or was willful. *Callison v. Charleston & W. C. Ry. Co.,* 106 S. C. 123, 90 S. E. 260.

The only delict charged to the respondent here is that she attempted to pass at an improper location in violation of the statute. The jury could well have inferred under all

of the circumstances that such conduct on her part was mere inadvertence, and, therefore, only simple negligence, even though it was negligence *per se* as a matter of law. On the other hand, the jury could well have inferred that the **conduct of the driver** of appellant's truck, in violating more than one applicable statute and failing to use even a slight degree of care, amounted to extreme willfullness on his part under all of the existing circumstances.

The appellant urges that since the jury only found actual damages, it may be fairly inferred that the jury found only simple negligence on the part of appellant's driver and that the verdict cannot stand on the basis of willfullness on the part of the appellant, as opposed to simple negligence on the part of the respondent. In support of this contention appellant cites *Taylor v. Atlantic Coast Line R. R. Co.,* 217 S. C. 435, 60 S. E. (2d) 889, in which this Court arrived at a similar inference from the finding of only actual damages by a jury. The facts in the *Taylor case* are completely different from the facts of this case and, moreover, the opinion of the Court showed that the inference drawn by the Court was based strictly upon the facts and circumstances of that particular case. This distinction was pointed out by this Court later in *Saxon v. Saxon,* 231 S. C. 378, 98 S. E. (2d) 803.

The *Saxon case* was an action for damages controlled by the guest statute, wherein a verdict for actual damages only was rendered and the defendant contended that a verdict for actual damages only eliminated any question of willfullness and the verdict could not stand. This Court pointed out that the instructions, in effect, left punitive damages in the discretion of the jury, which appeared to be contrary to *Beaudrot v. Southern Ry.,* 69 S. C. 160, 48 S. E. 106; *Sample v. Gulf Refining,* 183 S. C. 399, 191 S. E. 209; *Davenport v. Woodside Cotton Mills Co.,* 225 S. C. 52, 80 S. E. (2d) 740, and earlier cases. It was further pointed out that there was no exception to that feature of the instructions on the part of the defendant.

The same situation exists here. The charge of the trial judge shows that he left the matter of punitive damages in the discretion of the jury and that there was no exception to this feature of his instructions. This being the case, and the facts and circumstances being what they are, we conclude that this Court would not be justified in inferring that the jury eliminated willfullness on the part of the appellant by a finding of actual damages only.

Of considerable persuasiveness in the decision of this particular question is the following quotation from *Callison v. Charleston & W. C. Ry. Co., supra:*

"We consider, first, whether there was evidence which warrants the reasonable finding that defendant was guilty of recklessness, willfulness, or wantonness, because, if there was such evidence, we must conclude that the jury so found, if that conclusion be necessary to support a general verdict for plaintiff."

Appellant relies strongly on the case of *Sewell v. Hyder,* 229 S. C. 480, 93 S. E. (2d) 637, wherein a plaintiff was held to be guilty of contributory negligence as a matter of law and barred from recovery thereby. It is our opinion, however, that said decision is readily distinguishable and not at all controlling in this case. In the *Sewell case* the collision occurred at a street intersection in the City of Spartanburg while the plaintiff therein was attempting to pass at an intersection. Of course, a driver who attempts to pass in violation of an applicable statute is guilty of negligence *per se,* whether the same takes place in a city or in open country. But, in determining whether such a statutory violation is mere negligence or is willfullness, all of the circumstances have to be considered. This is also true in determining the proximate cause of a collision.

A driver on a busy city street is constantly reminded of intersections as he is passing one after another in more or less continuous sequence and at a reduced rate of speed. In the open country where the *prima facie*

speed limit is 55 miles per hour, it is common knowledge that there are many unmarked, small dirt roads intersecting with improved highways. Some of these are maintained by the public so as to bring the intersections thereof within the statutory provisions, while many others are not. Even though a driver has knowledge of the existence of such a public road intersection, it may well be inferable that he only inadvertently failed to realize that he was too near such an intersection to attempt passing.

A driver of a vehicle being overtaken, who intends to turn into such a road, is as fully cognizant of these circumstances as is the driver of the overtaking vehicle. Therefore, the driver of an overtaken vehicle who, under such circumstances, undertakes to make a left turn into such a dirt road suddenly, without warning and without looking, in the face of traffic which is very likely to be approaching him at a speed of 55 miles per hour, certainly renders himself much more liable to an inference of willful conduct than a driver who, maybe inadvertently, makes an improper turn at a street intersection in a city.

In the *Sewell case, supra,* there was apparently no issue of willfullness on the part of the defendant and no evidence to indicate that the driver of the overtaken vehicle had an opportunity in the exercise of due care to see or observe the carelessness of the overtaking driver in time to avoid its effect and prevent injuring him.

Hence, it is seen that this case is readily distinguishable from the *Sewell case,* both on the question of proximate cause and on the question of willfullness of the appellant's driver.

For the foregoing reasons, we are of the opinion that the judgment of the lower court should be affirmed.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.