19363

Viola JARVIS, Appellant, v. James Fulton GREEN, Respondent

(186 S. E. (2d) 765)

*Messrs. C. D. Hopkins, Jr., W. Roy Shuford,* and *E. Graydon Shuford,* of Hanahan, *for the Appellant,* cite: 

*Joseph R. Young, Esq.,* of *Young, Clement & Rivers,* Charleston, *for the Respondent,* cites: 

February 7, 1972.

Moss, Chief Justice:

Viola Jarvis, the appellant herein, brought this action against James Fulton Green, the respondent herein, to recover actual and punitive damages for personal injuries sustained as a result of an automobile accident which occurred on S. C. Highway 642 in Charleston County on October 20, 1969.

The appellant alleges in her complaint that she was traveling in a northerly direction on S. C. Highway 642 and was stopping for a traffic light, when suddenly and without warning, the respondent drove his automobile into the rear of an automobile directly behind that of the appellant, causing it to strike her automobile with tremendous force thereby causing her serious and permanent personal injury.

The appellant alleged in her complaint that her personal injury was proximately caused by the negligence, carelessness, recklessness and willfulness of the respondent in the operation of his automobile in the following particulars: (a) in operating his automobile without having it under

proper control; (b) in operating his automobile at a rate of speed that was greater than was prudent and reasonable under the circumstances; (c) in operating his automobile without maintaining a proper look out; (d) in failing and omitting to timely use and apply the brakes on his automobile; (e) in failing and omitting to reduce the speed of his automobile and stop the same after observing the appellant's automobile stopping for a traffic light; and (f) in following the motor vehicle immediately behind that of the appellant more closely than was reasonable and prudent and without due regard for the speed of such vehicle and the traffic upon the highway and in violation of Section 46-393, of the Code. The answer of the respondent was a general denial.

The case came on for trial before the Honorable G. Badger Baker, presiding judge, and a jury, at the 1971, April Term of the Court of Common Pleas for Charleston County. At the close of all of the evidence, the respondent moved for and was granted a directed verdict as to punitive damages. The issue of negligence and injury to the appellant was submitted to the jury, resulting in a verdict in the amount of $750.00, actual damages. The appellant moved for a new trial on the ground that the verdict was grossly inadequate. This motion was refused. This appeal followed.

The appellant poses two questions for determination by this Court. She asserts the presiding judge committed reversible error in directing a verdict against her as to punitive damages and in failing to grant her motion for a new trial on the grounds of inadequacy of the damages awarded.

The appellant asserts that the respondent violated Section 46-393, of the Code, which provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

The determination of whether or not there has been a violation of this Statute is ordinarily a jury question. In *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692, it is said:

"Just how close to a vehicle in the lead a following vehicle, ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, turns, or swerves in front of him, * * * may not be laid down by any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care so required, and whether it was exercised, is for the jury."

The motor vehicle traffic on S. C. Highway 642 was controlled by traffic lights in accordance with Section 46-301 *et seq.,* of the Code. The driver of any vehicle upon said highway is required by Section 46-304, of the Code, to obey the instructions of these traffic control devices.

It appears from the record that while the appellant was stopped or stopping for a traffic light that the automobile of the respondent struck the rear of an automobile operated by one Reeder, which was immediately behind the appellant's automobile, causing it to strike her vehicle and resulting in her personal injuries.

The respondent testified that the traffic on the said highway was "pretty heavy" or normal "Navy Yard traffic". He further testified that the appellant came to a halt for a traffic light, that Reeder stopped and the respondent's "little girl stood up and started to look over the dash" and at that time he applied his brakes and threw up his hand in front of his little girl to keep her from striking the dash or windshield and at that time struck the Reeder car in front of him, thus propelling it into the rear of the car driven by the appellant. He admitted that he was familiar with this road and knew where the stop lights were and that the traffic was

heavy "at this time of day." The respondent admitted that he was some distance behind the Reeder car "maybe a half a car length in that traffic that time of day, between two lights, no further apart than they are."

It is our view that there was evidence requiring the trial judge to submit to the jury the question of whether the respondent was following the Reeder automobile more closely than was reasonable and prudent under the circumstances here related and in violation of Section 46-393 of the Code.

The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court, as a matter of law, if the testimony is conflicting or the inferences to be drawn therefrom are doubtful. *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469; *Oliver v. Blakeney,* 244 S. C. 565, 137 S. E. (2d) 772; *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692.

If the jury found that the respondent drove his automobile more closely to the Reeder automobile than was reasonable and prudent under the circumstances such would be a violation of Section 46-393 and would be negligence *per se* and whether or not such violation contributed as a proximate cause to appellant's injury would also be a question for the jury. *Cantrell v. Carruth,* 250 S. C. 415, 158 S. E. (2d) 208. *Field v. Gregory,* 230 S. C. 39, 94 S. E. (2d) 15.

A violation of Section 46-393 of the Code would be negligence *per se* and evidence of recklessness and willfulness requiring the submission of the issue of punitive damages to the jury. *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469. *Roe v. Frick,* 250 S. C. 499, 159 S. E. (2d) 47.

It becomes unnecessary for us to pass upon the question of the inadequacy of the damages incurred when this case was tried. In the event a jury concludes that the appellant is entitled to damages, upon a retrial of this case, the amount thereof will be for determination by it.

The judgment of the lower court is reversed and this case remanded thereto for a new trial.

Reversed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.