## 21353

Don CARRAWAY, as Administrator of the Estate of Edward Carraway, Appellant, v. PEE DEE BLOCK, INC., Florence Concrete Block Products Co., and East Coast Transportation, Inc., Respondents.

(273 S. E. (2d) 340)

512

*Richard G. Dusenbury,* Florence, *for appellant.*

*C. Dexter Powers,* Florence, *for respondents.*

December 29, 1980.

GREGORY, Justice:

Appellant Don Carraway, as administrator of the estate of Edward Carraway, appeals from a verdict in this wrongful death action in favor of respondents Pee Dee Block, Inc., Florence Concrete Block Products Co., and East Coast Transportation, Inc., defendants below. We reverse and remand.

Appellant's intestate was crushed under the wheels of a large tractor-trailer rig driven by an agent of respondents. The accident occurred on Cashua Ferry Road in Florence. That roadway provides two southbound lanes of traffic: the inside lane is ten feet and the outside lane eighteen feet wide. Townspeople frequently park for shopping along the curb of the wider outside lane although no official parking lane is designated.

Appellant's intestate was operating a motorbike traveling south in the outside lane. Respondents' driver, proceeding in the same direction, was stopped behind an automobile in the

inside lane at a red light to the rear of the motorbike. As the signal changed both the tractor-trailer rig and the automobile crossed through the intersection in the inside lane. To pass the automobile the rig moved into the outside lane. The driver sounded his horn to overtake the motorbike. Just ahead was a parked car. With the automobile abreast in the inside lane the tractor-trailer rig and the motorbike could not clear the parked car in the remaining breadth of the outside lane. As the rig overtook the motorbike the deceased fell to his death under the rear wheels of the trailer.

The accident occurred when respondents' driver changed lanes and attempted to overtake the motorbike in its proper lane while simultaneously passing the automobile to the right. Actually, he tried to knife between the automobile traveling in the inside lane and the motorbike proceeding in the outside lane approaching a parked vehicle.

At trial appellant requested numerous specific charges pertaining to the law of passing, including Section 56-5-1850, "Overtaking and passing on the right", (1976 Code), which were denied. The lower court's entire charge on passing was the following:

"I would also charge you that in passing a motorist must use due care, in passing another vehicle, and the vehicle being passed must use due care likewise. In other words, there's a reciprocal obligation there."

Exception was taken to the sufficiency of the charge. We agree the instructions were inadequate.

Appellant requested in writing that § 56-5-1850 be charged and he was entitled to it on the facts of the case. See 88 C. J. S., Trial, § 407; 75 Am. Jur. (2d), Trial, §§ 588, 593. It was error to refuse. See *Wall v. Parker*, 223 S. C. 79, 74, S. E. (2d) 418 (1953); *Allen v. Hatchell*, 242 S. C. 458, 131 S. E. (2d) 516 (1963). That statute provided [1] in pertinent part:

---

[1] This section has since been amended. See Cum. Supp. (1979).

"§ 56-5-1850. Overtaking and passing on the right.

The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(2) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two or more lines of moving vehicles in each direction;

*The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety.* In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway." (emphasis added)

The causative violation of an applicable statute constitutes negligence per se and may be evidence of reckless or willful conduct. *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514 (1962). This section is applicable and should be charged on remand.

Moreover, the trial judge's general passing charge above-quoted requires further amplification as to the corresponding common law duties of respondents' driver and appellant's decedent in this situation. Appellant's requests to charge may merit some reconsideration by the lower court in framing the issues for the jury.

Accordingly, the judgment below is reversed and the case remanded for a new trial.

Appellant also takes exception to the trial judge's denial of his motion for a directed verdict as to liability. When viewed in the light most favorable to respondents, the evidence presents an issue of contributory negligence for the jury. Thus, it was not error to deny appellant's motion. *Driggers v. Lewis,* S. C. 264 S. E. (2d) 835 (1980).

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.