1388

Charles COOPER, a protected person By his conservator, Naomi COOPER, Appellant v. The COUNTY OF FLORENCE, Respondent.

(385 S. E. (2d) 44)

Court of Appeals

*E. LeRoy Nettles, Sr.,* and *Marian D. Nettles* of *Nettles, Turbeville & Reddeck,* Lake City, *for appellant.*

*Peter D. Hyman* and *Mary Layton Wells* of *Hyman, Brown, Jeffords, Rushton & Hatfield,* Florence, *for respondent.*

Heard Feb. 21, 1989.

Decided Aug. 21, 1989.

BELL, Judge:

This is an action in negligence for personal injuries resulting from a collision between a motorist, Ernest Leroy Turner, and a pedestrian, Charles Cooper. Turner was acting in the course and scope of his employment with the County of Florence at the time of the accident. Hence, the County is sued on a theory of respondeat superior. The trial judge directed a verdict in favor of the County on the ground that Cooper was contributorily negligent as a matter of law. Cooper appeals. We affirm.

There are no genuine issues of material fact. The accident took place shortly before midnight on June 17, 1986, on Highway 341 east of Lake City. The road is paved and straight with wide shoulders on either side. Although it had rained earlier in the day, the road was dry. There are no lights at the scene of the accident. The night was dark.

Turner had exited from a convenience store and was proceeding easterly behind a car driven by Barbara Watts. Watts was traveling at twenty-five miles per hour more or less. At that place in the road there were no restrictions on passing.

Turner looked to see if the oncoming lane was clear. In the dark it appeared clear to him. He switched on his turning signal and his high beam headlights and moved into the left lane to pass Watts. He did not sound his horn. As he drew around Watts, he saw Cooper in the road and immediately struck him with the left front fender of his car. The impact knocked the side mirror off the car. After he saw Cooper, Turner had no time to apply his brakes or sound his horn. He did swerve to the right to avoid hitting Cooper. Watts testified that his swerving lessened the impact to Cooper. She also testified that there was nothing Turner could have

done to avoid striking Cooper. She herself did not see Cooper in the darkness until Turner turned on his high beams to overtake her.

Cooper is a black man. At the time of the accident, he was wearing black clothing and a black shoulder length wig. He was wearing no other color that would have shown up if illuminated in the dark.

## I.

### A.

The trial judge found that the evidence presented a jury question on the issue of Turner's negligence. However, he also found that the only reasonable inference to be drawn from the evidence was that Cooper was contributorily negligent. For this reason, he directed a verdict for the County. Cooper contends the question of contributory negligence was also for the jury.

Contributory negligence is a lack of ordinary care on the part of a person injured by the negligence of another which combines and contributes to the injury as a proximate cause without which the injury would not have occurred. *South Carolina Insurance Company v. James C. Greene & Company*, 290 S. C. 171, 348 S. E. (2d) 617 (Ct. App. 1986). The defense is established by proof "that the injured party did not in his own interest take reasonable care of himself and contributed, by this want of care, to his own injury." *Id.* (quoting *Nance v. British Columbia Electric Ry. Co., Ltd.* [1951] A. C. 601, 611). If a statute fixes the standard of care to be observed in a particular situation, the plaintiff's lack of due care can be established by proving a violation of the statute. *See Grainger v. Nationwide Mutual Insurance Company*, 247 S. C. 293, 147 S. E. (2d) 262 (1966); *Rayfield v. South Carolina Department of Corrections*, 297 S. C. 95, 374 S. E. (2d) 910 (Ct. App. 1988).

Cooper was either crossing the highway or walking in the highway at the time of the accident. The statutes provide that a pedestrian crossing a roadway anywhere except in a pedestrian crosswalk shall yield the right of way to all vehicles on the roadway. Section 56-5-3150(a), Code of Laws of South Carolina, 1976, as amended. They also provide that where a shoulder is available a pedestrian

walking along the highway shall walk on the shoulder as far as practicable from the edge of the roadway. Section 56-5-3160(b), Code of Laws of South Carolina, 1976, as amended. Likewise, they require any pedestrian upon a roadway to yield the right of way to all vehicles upon the roadway. Section 56-5-3160(d), Code of Laws of South Carolina, 1976, as amended.

Cooper was in the roadway just before the accident. There was nothing to obstruct his view. As Turner's car approached, he appeared to stand still in the lane of travel and then turned towards or walked into Turner's car. In other words, he either was walking in the roadway in violation of Section 56-5-3160(b) or failed to yield the right of way in violation of Sections 56-5-3150(a) or 56-5-3160(d). Had Cooper observed the statutes, Turner's car would not have struck him. His presence in the roadway in violation of the statutes amounted to a lack of due care that combined with Turner's conduct to cause his injuries. Thus, he was chargeable with contributory negligence as a matter of law.

## B.

Cooper contends he should not be held to the statutory standard of care because he was suffering from diminished mental capacity at the time of accident.

American courts generally apply one of two rules to determine the contributory negligence of a mentally ill person. The traditional common law rule states that one suffering from mental illness is held to the same standard of care as a sane person unless his mental capacity is so impaired that he is totally unable to apprehend danger and avoid exposure to it. *See Worthington v. Mencer,* 96 Ala. 310, 11 So. 72, 17 L. R. A. 407 (1892); *Wright v. Tate,* 208 Va. 291, 156 S. E. (2d) 562 (1967); *Riesbeck Drug Company v. Wray,* 111 Ind. App. 467, 39 N. E. (2d) 776 (1942); *Galindo v. TMT Transport, Inc.,* 152 Ariz. 434, 733 P. (2d) 631 (Ct. App. 1986) (standard of care to be used in determining whether mentally deficient person was contributorily negligent was same standard of care required of ordinarily careful person under the same circumstances). This is sometimes called the "totally insane" test.

The more liberal rule is that a mentally ill person is not held to the reasonable man standard of care, but is only

required to exercise that degree of care consonant with his diminished faculties or mental capacity. *See Young v. State,* 92 Misc. (2d) 795, 401 N. Y. S. (2d) 955 (Ct. Cl. 1978); *Feldman v. Howard,* 5 Ohio App. (2d) 65, 34 O. O. (2d) 163, 214 N. E. (2d) 235 (1966), *rev'd on other grounds,* 10 Ohio St. (2d) 189, 39 O. O. (2d) 228, 226 N. E. (2d) 564 (1967). Under this rule, significant mental impairment not amounting to a total loss of mental capacity may be considered by the jury in determining whether the plaintiff was contributorily negligent.

Which rule applies in South Carolina is an open question. Our Supreme Court has recognized a lesser standard of care for some minors because of their diminished mental capacity. *See Standard v. Shine,* 278 S. C. 337, 295 S. E. (2d) 786 (1982) (minor of tender years not required to observe adult standard of care; minor's conduct should be judged by the standard of behavior expected of a child of like age, intelligence, and experience under like circumstances). Cooper argues that the same reasoning should apply to the mentally ill, although the analogy between children and mental incompetents has been criticized. *See* Annotation, *Contributory Negligence of Mentally Incompetent or Mentally or Emotionally Disturbed Person,* 91 A. L. R. (2d) 392 (1963); Alexander & Szasz, *Mental Illness as an Excuse for Civil Wrongs,* 43 Notre Dame L. Rev. 24, 33-35 (1967). In this case, however, we need not adopt one rule or the other. Even under the liberal rule, Cooper has failed to show he could not exercise ordinary care for his own safety at the time of the accident.

Undisputed evidence shows that Cooper has a history of schizophrenia with psychotic episodes. His illness can be controlled by medication. An expert witness testified that Cooper was probably decompensating (coming apart) at the time of the accident, because he had not taken his medication. Cooper relies on this testimony to argue that he was incapable of contributory negligence.

Unfortunately, his proof does not go far enough. Our courts have held that the mere fact of mental illness does not mean a person lacks the necessary state of mind to establish liability in tort. *See DeLoache v. Carolina Life Insurance Company,* 233 S. C. 341, 104 S. E. (2d) 875 (1958); *South Carolina Farm Bureau Mutual Insurance Company v. Mumford,* 382 S. E. (2d) 11 (S. C. Ct. App. 1989). There is

nothing in the record to suggest Cooper could not appreciate the need to exercise ordinary care for his own safety on the highway or that he lacked the ability to exercise such care. His own expert witness was unwilling to conclude that his mental illness diminished his ability to cross a darkened highway in safety:

> Now whether ... it did affect his ability to cross a darkened highway, I cannot say with reasonable medical certainty. I certainly know that his condition can affect one's perception of distances, how dark it is, if there is an object, exactly where it is coming from. Distances can certainly be affected by his condition. The only thing I am willing to say is, Charles should have gotten an injection of prolixin on the 22d of May.

Without proof that Cooper's mental illness significantly impaired his ability to exercise care for his own safety, he must be held to the standard of care mandated by the statutory law.

## II.

Cooper next claims the trial judge erred in ruling that the doctrine of "last clear chance" was inapplicable to the facts of this case.

In South Carolina, a plaintiff cannot invoke the doctrine of last clear chance to avoid the preclusive effect of his own contributory negligence unless he shows that the defendant knew and appreciated the plaintiff's peril. *Johnston v. Ward,* 288 S. C. 603, 344 S. E. (2d) 166 (Ct. App. 1986). Moreover, the doctrine applies only where the plaintiff's lack of due care has become remote in the chain of causation and is but a mere condition of his injury. It does not apply if the plaintiff's act combines and concurs with the defendant's act as a proximate cause of the injury. *Id.*

The only reasonable view of the evidence is that Cooper's presence in the roadway wearing dark clothing was a direct cause of the accident. There is no evidence that Turner either knew or appreciated Cooper's peril until the instant of the collision. He did not see Cooper in the roadway until it was too late to avoid hitting him. Significantly, Watts also did not see Cooper until the instant

of the accident. On these facts, the doctrine of last clear chance did not apply.

### III.

Finally, Cooper argues that the case was for the jury because they could have found Turner violated a statute and was thus guilty of willful and wanton conduct. If such a finding were made, he contends, his own contributory negligence would not bar a recovery. *See Marks v. I. M. Pearlstine & Sons*, 203 S. C. 318, 26 S. E. (2d) 835 (1943) (contributory negligence ceases to be a defense when the injury was done wilfully or purposely or where it was the result of such gross negligence as would imply wantonness or recklessness).

In support of his position, Cooper relies on the proposition that violation of a statute may warrant a finding of reckless, willful, or wanton conduct. *Fisher v. J. H. Sheridan Company*, 182 S. C. 316, 189 S. E. 356, 108 A. L. R. 981 (1936). However, it is not obligatory as a matter of law for a finding of willful or wanton conduct to be made simply because a statute has been violated; the question depends on the facts and circumstances of each case. *Id.* Conduct is willful, wanton, or reckless when it is committed with a deliberate intention under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights. *Cohen v. Allendale Coca-Cola Bottling Company*, 291 S. C. 35, 351 S. E. (2d) 897 (Ct. App. 1986). In order for the violation of a statute to warrant a finding of willful or wanton conduct, there must be some evidence that the defendant appreciated the likelihood of harm to the plaintiff and acted with indifference to the requirements of the statute. *See Tant v. Dan River, Inc.*, 289 S. C. 325, 345 S. E. (2d) 495 (1986) (defendant aware of statutory violation and resulting damage to plaintiffs).

Cooper claims Turner may have violated three different statutes. The first forbids a vehicle to overtake and pass another vehicle unless the left side of the roadway "is clearly visible and is free of oncoming traffic." Section 56-5-1860, Code of Laws of South Carolina, 1976, as amended. "Traffic" includes pedestrians. Section 56-5-570, Code of Laws of South Carolina, 1976. The second provides that a driver "shall exercise due care to avoid colliding with

any pedestrian ... and shall give an audible signal when necessary...." Section 56-5-3230, Code of Laws of South Carolina, 1976, as amended. The third requires motor vehicles to have multiple beam headlights with a low beam revealing persons and vehicles at least 100 feet ahead and a high beam revealing them at least 350 feet ahead. Section 56-5-4770, Code of Laws of South Carolina, 1976.

Assuming the jury could find Turner violated one or more of these statutes, there is simply no evidence that the violations constituted willful or wanton conduct on his part. The only reasonable inferences to be drawn from the evidence are that the roadway appeared clear to Turner when he began to overtake Watts, that he did not know Cooper was in the highway, that he was unaware of any necessity to warn a pedestrian by sounding his horn, and that his headlights were in apparent good working order. Nothing suggests Turner acted with indifference to the statutes or with a conscious disregard of Cooper's safety.

## IV.

We have considered the remaining issues in the briefs. Cooper's additional points involve harmless error or are manifestly without merit. In view of our decision to affirm the judgment, it is unnecessary to discuss the County's additional sustaining grounds.

Affirmed.

SHAW and GOOLSBY, JJ., concur.