### 23540

Charles COOPER, a protected person by his Conservator, Naomi COOPER, Petitioner v. The COUNTY OF FLORENCE, Respondent.

(412 S.E. (2d) 417)

Supreme Court

*E. LeRoy Nettles, Sr.* and *Marion D. Nettles* both of *Nettles, Turbeville & Reddeck*, Lake City, *for petitioner.*

*Peter D. Hyman* and *Mary Layton Wells* both of *Hyman, Brown, Jeffords, Rushton & Hatfield*, Florence, *for respondent.*

Heard Apr. 16, 1991.

Decided Dec. 16, 1991.

FINNEY, Justice:

Naomi Cooper, in her capacity as conservator for petitioner Charles Cooper, a protected person, instituted this negligence action against respondent, County of Florence, for personal

injuries sustained by petitioner when the vehicle driven by respondent's employee, Ernest Turner, struck the petitioner, a pedestrian. The trial judge directed a verdict in favor of the respondent on the grounds that recovery was barred by petitioner's contributory negligence. The Court of Appeals affirmed. *See Cooper by Cooper v. County of Florence*, 299 S.C. 386, 385 S.E. (2d) 44 (Ct. App. 1989). This Court granted certiorari to consider only whether the Court of Appeals erred in ruling that negligence of the petitioner barred his recovery. We reverse and remand for a new trial.

The collision occurred on Highway 341 east of Lake City shortly before midnight on June 17, 1986. Turner drove left of center to pass a car driven by Barbara Watts. Both cars were traveling in an easterly direction. Watts testified that Turner turned his headlights on high beam when he entered the left lane. Watts stated that at that time, she saw Cooper standing motionless in the roadway, and that Cooper then turned around prior to being struck by Turner's vehicle.

The investigating officer testified that there were no skid marks at the scene and no obstructions to vision in the area.

Turner testified that he could not see down the left lane before reaching the point where he collided with Cooper. Turner further testified that at the instant he went around Watts, Cooper was "right on my automobile, and he walked into it." Turner stated that he did not sound his horn but swerved toward the center line. After the collision, Cooper landed partially on the grass on the left shoulder. The impact knocked the left side mirror off Turner's car. Turner also testified that he had seen Cooper in the road in the vicinity of the collision on prior occasions and that he knew Cooper frequented the area.

The petitioner argues that the trial court erred in directing a verdict, contending the jury should have been allowed to determine whether Turner violated applicable statutes and was guilty of recklessness, willfulness, or wantonness. The respondent asserts that the petitioner was contributorily negligent, that the facts do not indicate recklessness, willfulness or wantonness on the part of the respondent, and that the accident was proximately caused by the sole negligence of the petitioner.

Causative violation of an applicable statute is evidence of recklessness, willfulness, and wantonness. *Johnson v. Parker*, 279 S.C. 132, 303 S.E. (2d) 95 (1983). When the injury complained of is shown to have been done willfully or purposely, or the injury is the result of such gross negligence as would imply wantonness or recklessness, contributory negligence ceases to be a defense. *Marks v. I.M. Pearlstine and Sons*, 203 S.C. 318, 26 S.E. (2d) 835 (1943).

The determination of whether a motorist statute has been violated is ordinarily a question of fact for the jury. *Jarvis v. Green*, 257 S.C. 558, 186 S.E. (2d) 765 (1972); *West v. Sowell*, 237 S.C. 641, 118 S.E. (2d) 692 (1961). Similarly, the question of recklessness, willfulness, or wantonness is ordinarily a question for the jury. *Dawson v. South Carolina Power Co.*, 220 S.C. 26, 66 S.E. (2d) 322 (1951); *Broom v. Southeastern Highway Contracting*, 291 S.C. 93, 352 S.E. (2d) 302 (Ct. App. 1986). The question rarely becomes a matter for the court to decide. *Id.*

In deciding whether a motion for directed verdict should be granted, the evidence and all reasonable inferences that can be drawn therefrom must be considered in the light most favorable to the party opposing the motion. *Felder v. K-Mart*, 297 S.C. 446, 377 S.E. (2d) 332 (1989). If inferences properly deducible from controverted evidence are doubtful, or tend to show both parties guilty of negligence, and if there is a fair difference of opinion as to whose act proximately caused the injury complained of, the question must be submitted to the jury. *West v. Sowell, supra.*

In our view, the jury should have been allowed to determine the following questions: (1) Whether Turner violated applicable statutes; (2) if Turner did violate applicable statutes, whether such violations, in addition to other evidence, amounted to reckless, willful, or wanton conduct; and (3) if Turner's conduct is deemed reckless, willful, or wanton, whether that conduct was the proximate cause of Cooper's injuries.

Inferences deducible from controverted evidence in the record raise questions of fact as to whether or not Turner violated applicable statutes. Pursuant to S.C. Code Ann. § 56-5-1860 (1976), "[n]o vehicle shall be driven to the left of the cen-

ter of the roadway in overtaking or passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic." "Traffic" is defined to include pedestrians. S.C. Code Ann. § 56-5-570 (1976). Turner testified that he could not see down the left lane before he got to the place where he hit Cooper, that he did not see Cooper until after he passed Watts' vehicle, and that Cooper walked into his vehicle. Watts, however, testified that as Turner "was passing" her vehicle, she saw Cooper standing motionless in the roadway. Whether Cooper was in the roadway or whether he walked into the roadway after Turner entered the left lane are factual questions central to the inquiry of whether Turner violated section 56-5-1860.

S.C. Code Ann. § 56-5-3230 (Supp. 1987) provides, in relevant part, that ". . . every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian . . . and shall give an audible signal when necessary. . . ." According to the evidence, Turner did not sound his horn as he drove left of center. Whether it was necessary for Turner to give an "audible signal" by sounding his horn is factually relevant to whether or not section 56-5-3230 was violated.

Under S.C. Code Ann. § 56-5-4770 (1976), motor vehicles are required to have multiple beam headlights with low beams providing visibility for at least 100 feet ahead and high beams for at least 350 feet ahead. Turner testified that he could not see down the left lane. However, his high beam headlights should have illuminated the highway at least 350 feet ahead. Therefore, we find that a jury issue exists as to whether or not Turner's headlights were defective or whether his failure to see the petitioner was caused by Turner's negligence in other respects.

Violation of any of the aforementioned statutes would constitute evidence of recklessness, willfulness and wantonness on Turner's part. In our view, inferences deducible from controverted evidence in the record create questions of fact which should have been resolved by the jury.

Although the jury could find that Turner's conduct was reckless, willful or wanton, liability would depend upon whether such conduct constituted the proximate cause of petitioner's injuries. If Turner's conduct is determined to be reckless, willful or wanton and the proximate cause of the

injuries, petitioner's contributory negligence would not be a bar to recovery. However, the jury could also conclude that petitioner's conduct was contributorily reckless, willful or wanton. Then, petitioner's conduct would foreclose a recovery against Turner. *See Ardis v. Griffin*, 239 S.C. 529, 123 S.E. (2d) 876 (1962).

This Court concludes that, when considered in the light most favorable to the petitioner, more than one reasonable inference may be drawn from the evidence, and the matter should be submitted to a jury for determination. We conclude that the Court of Appeals erred in affirming the trial court.

This case is reversed and remanded for a new trial.

Reversed and remanded.

GREGORY, C.J., and CHANDLER, J., and WILLIAM HOWELL, Acting Associate Justice, concur.

TOAL, J., dissents in separate opinion.

TOAL, Justice (dissenting):

I respectfully dissent. The majority relies in reversing the Court of Appeals on the rule that a "[c]ausative violation of an applicable statute is evidence of recklessness, willfulness, and wantonness." *Ante*, at 418. (*Citing, Johnson v. Parker*, 279 S.C. 132, 303 S.E. (2d) 95 (1983)). Subsequently, the majority notes that "[v]iolation of [any] of the aforementioned statutes (meaning §§ 56-5-1860, 56-5-3230, or 56-5-4770) would constitute evidence of recklessness, willfulness and wantonness on [the defendant] Turner's part." *Ante*, at 419. In my judgment, the majority has not properly construed our law regarding the violation of a statute and whether it constitutes evidence of recklessness/willfulness. I fear that the majority's interpretation of our law on this point results in a severe limitation on a trial judge's power to grant a directed verdict or a judgment *non obstante veredicto*.

The majority interprets the South Carolina law to require, no matter the facts involved, that a jury consider a case when there has been a causative violation of an applicable statute. I strongly disagree that this is an accurate statement of our law. This Court has in many instances utilized and cited to the rule here in question. However, in many past cases, we have

pointed out that the rule is only a general one, and that it does have limitations. For example, we held in *Jumper v. Goodwin,* 239 S.C. 508, 515, 123 S.E. (2d) 857, 860 (1962):

> The trial judge was also correct in submitting the case to the jury on the ground that there was evidence from which the jury could conclude that the appellant was guilty of willfulness or recklessness, in which event simple contributory negligence would not be a bar. The violation of an applicable statute is negligence *per se* and is *ordinarily* evidence of willfulness which may be considered by the jury, together with all of the other circumstances in the case, in determining whether a party was only negligent or was willful.

(emphasis added) (*citing Callison v. Charleston & W.C. Ry. Co.,* 106 S.C. 123, 90 S.E. 260 (1916)).

More recently this Court stated that, "[t]he causative violation of an applicable statute constitutes negligence *per se* and *may* be evidence of reckless or willful conduct." (emphasis added). *Carraway v. Pee Dee Block, Inc.,* 275 S.C. 511, 514, 273 S.E. (2d) 340, 342 (1980). The emphasized language in *Carraway* and *Jumper* indicate that the rule in question has its limitations. In an older decision moreover, this Court settled the question of the parameters of the rule in dispositive fashion. It is the case of *Cubbage v. Roos,* 181 S.C. 188, 186 S.E. 794 (1936) which is controlling in this case and cements my view that the majority has misinterpreted the rule.

There, the plaintiff took the *exact* position that Cooper takes here. The plaintiff there cited *Callison v. Charleston W.C. Ry. Co., supra,* for the proposition that the violation of a statute is evidence of recklessness and sufficient to carry that issue to the jury. The Court noted the general rule, but carved out a *caveat* thusly:

> It will be noted, however, that none of these cases (*Callison* and others) hold that the mere violation of a statute requires the submission of an issue of willfulness, recklessness, or wantonness to be submitted [sic] to the jury, *where the only reasonable inference to be drawn from all the testimony is that there is no recklessness, willfulness or wantonness.*

(emphasis added). *Cubbage*, 181 S.C. at 194, 186 S.E. at 796. The Court went on to note that, "[t]o so hold (as the plaintiff desired) would overrule the well-recognized principle that if only one reasonable inference can be deduced from the evidence, it becomes a question of law for the Court, and not a question of fact for the jury." *Id.*, 181 S.C. at 196, 186 S.E. at 797. Lastly, the *Cubbage* Court held:

> This Court has not held that the mere violation of the letter of a statute in and of itself requires the circuit judge to submit an issue of recklessness, willfulness, or wantonness where the evidence shows that the spirit of the statute was being complied with, and that the only reasonable inference from all the testimony is that such violation of the statute did not in fact amount to a reckless, willful, or wanton act.

*Id.*, 181 S.C. at 195-96, 186 S.E. at 797.

Applying the *Cubbage* case to the instant facts, I agree with the Court of Appeals that there is simply no evidence of record indicative of recklessness or willfulness on the defendant Turner's part. To hold as the majority does would mean that a directed verdict in practically any motor vehicle accident case (where statutes govern almost every aspect of driving) would be virtually impossible to obtain, regardless of the facts. Furthermore, a trial judge would be required, where the letter of a statute has been violated, to submit a charge to the jury on punitive damages, regardless of whether it appeared to him/her that the defendant was not reckless/willful. In my view, the majority overrules *Cubbage* by its interpretation of our law.

As a final matter, the rule adopted by the majority would allow a jury to find a particular defendant to be reckless solely because he violated a statute, without any independent evidence of recklessness, and regardless of the surrounding circumstances in the case. By way of illustration, suppose that a motorist is speeding at twenty-five miles per hour in a twenty miles per hour zone down a seldom-traveled straight road at midday. A pedestrian darts out from behind a tree into the path of the motorist and is hit. The pedestrian was certainly contributorily negligent in darting out into the road, but the majority would allow him to go to the jury against the mo-

torist, since the motorist had violated the statutory prohibition against speeding. The circumstances of such a case mandate, in my view, a directed verdict in favor of the defendant. While the defendant may have violated a statutory prohibition, he could not be said in any way to have been reckless in his conduct.[1]

Conversely, assume the following scenario. A motorist is speeding at twenty-five miles per hour in a twenty miles per hour zone through a very crowded university campus, where hurried students continually cross streets at various junctures. Reckless conduct can perhaps be seen in *this* instance, unlike in the preceding set of facts. Simply put, I am of the view that a plaintiff should not be allowed, regardless of the surrounding facts, to bootstrap his case to the jury simply because the defendant violated a statute, as opposed to some other legal duty.

Accordingly, I would dismiss the writ of *certiorari* as improvidently granted.

---

[1] Essentially similar facts were present in *Cubbage*.