2148

Ada CONNELLY, Respondent v. WOMETCO
ENTERPRISES, INC., Appellant.
(442 S.E. (2d) 204)

Court of Appeals

*Trefor Thomas* and *Robert C. Calamari,* of *Nelson, Mullins, Riley & Scarborough,* Myrtle Beach, *for appellant.*

*Thomas J. Rubillo,* Georgetown, *for respondent.*

Heard Jan. 12, 1994.

Decided Mar. 7, 1994. Reh. Den. April 21, 1994.

*Per Curiam:*

Ada Connelly brought an action against her former employer, Wometco Enterprises, Inc., claiming retaliatory discharge for obedience to a jury summons. The jury returned a verdict for Connelly for $9,400. The trial judge remitted the verdict to $4,183.75, plus costs. This appeal followed. We affirm.

Wometco employed Connelly as a canteen attendant at Santee Cooper's Winyah Bay Power Station for about 16 months prior to her termination. Her principal duties were to fill vending machines, clean the machines, and manage the stockroom. On April 6, 1992, Connelly was summoned for jury service for the week beginning April 13, 1992. Connelly advised Wometco's Charleston office of the summons, and Wometco voiced no objection to her service. Connelly began jury service on April 13. When she returned to work on April 16 she was told by her immediate supervisor that Wometco had dis-

missed her. The only reason Wometco gave for her termination was that she was not doing her job.

Connelly sued Wometco, alleging wrongful termination for her obedience to a summons for jury service, in violation of S.C. Code Ann. § 41-1-70 (Supp. 1993) (employer liability for dismissal or demotion of employee who complies with a subpoena or serves on a jury). Wometco claimed Connelly was an employee at will and was dismissed exclusively on business judgment and failure to perform employment duties.

After discovery, Wometco moved for summary judgment based upon Connelly's failure to produce a factual basis supporting a nexus or causal connection between her jury service and subsequent dismissal. The circuit judge found that Connelly produced evidence supporting her position that she was a "good" employee. The judge stated this was sufficient circumstantial evidence that she was not dismissed due to poor performance. Accordingly, the judge denied the motion.

Prior to trial, Wometco made a motion *in limine* to exclude evidence which showed Connelly was a "good" employee. Wometco claimed the evidence was irrelevant. The circuit court denied the motion, finding the evidence related to job performance and could lead to the conclusion that Connelly was wrongfully terminated. Connelly presented the testimony at trial without further objection.

At trial, Wometco attempted to introduce Connelly's employment file into evidence. The file contained warnings regarding Connelly's work performance. Connelly objected, claiming no proper foundation had been established for admitting the file under the Uniform Business Records as Evidence Act. S.C. Code Ann. § 19-5-510 (1976). The circuit judge questioned the witness about whether she was the custodian of the file. She was not. The judge allowed the file to be marked for identification purposes only. He repeated this ruling at the close of the testimony.

At the close of Connelly's evidence, and again at the close of all the evidence, Wometco moved for a directed verdict on the ground that Connelly did not produce any factual support for the allegations in her complaint. The judge denied the motions.

Wometco argues the circuit judge erred in denying its motions for summary judgment and directed verdict. It claims

the evidence consisted solely of "good" employment performance, and this circumstantial evidence was insufficient to create a disputed fact issue as to whether Connelly was dismissed because of jury service.

Wometco's argument amounts to a disagreement with the jury's determination. On appeal from an action at law, however, this Court is not concerned with the weight to be accorded the evidence, but only with the existence of evidence to support the jury's verdict. *See Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984) (the appellate court is not at liberty to pass on the veracity of the witnesses and determine the case according to what it thinks is the weight of the evidence); *Cooper v. County of Florence*, 306 S.C. 408, 412 S.E. (2d) 417 (1991) (if inferences properly deducible from the controverted evidence are doubtful, the circuit court should deny a directed verdict motion).

Connelly claimed she was discharged because she obeyed the jury summons. There is no dispute that Wometco discharged Connelly immediately upon her return from jury service. The evidence, therefore, did not consist solely of testimony of Connelly's "good" work performance, as Wometco claims. Further, Wometco claimed it discharged Connelly because of poor work performance. Thus, in light of the timing of her discharge, evidence that she was a "good" worker was sufficient to support the judge's decision to allow the jury to decide the case.

Wometco next argues the circuit judge erred in excluding from evidence Connelly's employment file, which indicated she failed to perform employment duties properly.

Although the evidence has probative value and is thus relevant and otherwise admissible, the exclusion of this evidence was proper. Wometco failed to offer the records through their custodian or other qualified witness, as required by the Business Records Act. Thus, they could not be properly authenticated. In addition, they constituted hearsay evidence that did not come within the exception the statute creates for business records. We find no abuse of discretion.

Wometco finally argues evidence concerning Connelly's performance, poor or satisfactory, was not relevant. The issue in this case was whether Wometco dis-

charged Connelly for obeying the jury summons. Wometco claimed it discharged Connelly for failing to perform her job. Thus, Wometco raised the issue of whether Connelly had "good" employment performance. Evidence regarding Connelly's performance was clearly relevant on the issue of whether Wometco's stated reason for discharging Connelly was a pretext. *See Crowley v. Spivey*, 285 S.C. 397, 329 S.E. (2d) 774 (Ct. App. 1985) (evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears; the circuit judge is given broad discretion in ruling on questions concerning the relevancy of evidence, and his decision will be reversed only if there is a clear abuse of discretion). We find no abuse of discretion in admitting the evidence. It was for the jury to weigh the evidence and decide whom to believe on this point.

Affirmed.